COURT OF APPEALS
DECISION
DATED AND FILED

May 20, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP441-CR**

STATE OF WISCONSIN

Cir. Ct. No. **2013CF257**

IN COURT OF APPEALS
DISTRICT IV

---

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

SPENCER PARKS, JR.,

   DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Rock County: KENNETH W. FORBECK and MICHAEL A. HAAKENSON, Judges. *Affirmed*.

Before Blanchard, Kloppenburg, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.  Spencer Parks appeals a judgment of conviction and an order denying his postconviction motion.[1]  The issues are whether his trial counsel was ineffective by failing to investigate and call a potential witness, and whether the real controversy was fully tried.  We conclude that counsel was not ineffective and that the issues were fully tried.  Therefore, we affirm.

¶2      As relates to this appeal, Parks was convicted after a jury trial of two counts of delivery of heroin, less than three grams.  His postconviction motion alleged that his trial counsel was ineffective by failing to investigate a potential witness who was also involved in the two sales to the confidential informant.  Parks alleged that this witness would testify that Parks was not present at the scene of the first sale and, at the second sale, although Parks was present, he was not involved in the transaction.  The circuit court denied the motion after an evidentiary hearing.

¶3      To establish ineffective assistance of counsel a defendant must show that counsel's performance was deficient and that such performance prejudiced his defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  We need not address both components of the analysis if the defendant makes an inadequate showing on one.  *Id.* at 697.

¶4      We affirm the circuit court's findings of fact unless they are clearly erroneous, but the determination of deficient performance and prejudice are

---

[1] The Honorable Kenneth W. Forbeck presided over trial and entered the judgment of conviction.  The Honorable Michael A. Haakenson entered the order denying Parks' postconviction motion.

questions of law that we review without deference to the circuit court. *State v. Pitsch*, 124 Wis. 2d 628, 633-34, 369 N.W.2d 711 (1985).

¶5 Parks' claim can be broken into two parts. The first part is that counsel's performance was deficient for not investigating what this witness could testify to. The second part is that, after investigating and obtaining the information that Parks now presents, counsel would have been deficient by not calling the witness at trial. The second part is necessary because the investigation, by itself, would not bring the results of the investigation before the jury and thus have a potential to affect the outcome of the trial.

¶6 For purposes of this opinion, we assume, without deciding, that counsel's performance was deficient by not at least investigating what this witness could testify to. We focus instead on whether counsel's performance would have been deficient by not calling the witness at trial.

¶7 Parks' briefs on appeal provide only a light treatment of this aspect of the analysis. Parks appears to take the position that counsel's decision not to call the witness could not be a reasonable strategic decision because it was not based on an investigation.

¶8 However, the test for deficient performance is an objective one that asks whether trial counsel's performance was objectively reasonable under prevailing professional norms. *State v. Kimbrough*, 2001 WI App 138, ¶¶31-35, 246 Wis. 2d 648, 630 N.W.2d 752. Therefore, even if trial counsel lacked a strategic reason at the time, a claim of deficient performance fails if counsel's action was one that an attorney could reasonably have taken after considering the question, in light of the information available to trial counsel at the time.

¶9      Here, we are assuming that trial counsel had the information about the witness available to him, and we are considering whether it would have been a reasonable strategic decision not to call the witness, even with counsel knowing that information. We conclude that it would have been reasonable not to call the witness.

¶10     At trial, Parks' defense was that he was not present at the scene of either transaction. More specifically, he attacked the reliability of the identifications of him that an officer who was present made, and on the first count he also relied on a video that he argued showed it was somebody other than him.

¶11     The postconviction affidavit from the witness partly helps, but partly hinders, that defense. As to the first sale, the witness would confirm that Parks was not at the scene, and would specifically identify the person in the video as being somebody else. Obviously, that would help Parks' defense that the identification of him was erroneous. However, as to the second sale, the witness would testify that Parks was present in the vehicle when the witness gave heroin to the informant, but Parks was not involved in the transaction.

¶12     The problem for the defense in calling this witness is that the defense would be committed to relying on his testimony as providing the main theory for the defense. A defense that Parks was not present at both transactions would no longer be viable.

¶13     As stated, for the first sale, the witness would bolster the defense that Parks was not present. However, as to the second sale, the witness would directly contradict that defense. By presenting this witness on the second sale, the defense would be committing itself to accepting that Parks was present, and to relying solely on the witness's testimony that Parks was not involved in the actual

sale. That is so because it would not be reasonable for the defense to present this witness as credible on the first sale, but then attack his credibility about Parks' presence at the second sale.

¶14 On the question of whether Parks participated in the sale, however, the witness would be contradicted by the account of the confidential informant, who said that at the second sale he saw a person he did not know hand the heroin to the witness, who then handed it to the informant purchaser. And, in contemplating the wisdom of creating such a credibility contest between the informant and the witness, trial counsel would have been aware that the credibility of his potential witness could be in doubt because the witness was himself involved in these transactions, and had thirteen prior convictions.

¶15 Furthermore, if the witness were to testify that Parks was present at the scene of the second sale, the witness would be confirming that the officer correctly identified Parks as being at the second sale. This would undercut Parks' claim that the same officer misidentified Parks as being present at the *first* sale.

¶16 In sum, based on the information that Parks has presented as being available to trial counsel after an investigation, we conclude that it would have been a reasonable strategic decision not to call the witness at trial, and instead to accept the trade-off of having a somewhat weaker defense on the first sale in exchange for a stronger defense on the second sale, each based on the potential for the jury to find that an identification of Parks was faulty. This would be a reasonable choice for obtaining acquittals on both charges, rather than only on the first.

¶17 For this reason, we conclude that Parks' postconviction motion was properly denied as to this claim because his trial counsel's performance was not deficient by not calling the witness at trial.

¶18 Parks also argues that we should order a new trial using our discretionary reversal authority under WIS. STAT. § 752.35 (2019-20), on the ground that the real controversy was not fully tried. He argues that it was not fully tried because the jury did not hear the account of the witness we discussed above. We decline to grant a new trial on this basis. Based on the facts we described above, we are satisfied that the real controversy was sufficiently tried.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2019-20)